IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEVIN JACOB SMITH, TDCJ NO. 1595339, | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. H-14-1554 |
| WILLIAM STEPHENS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, | § § § § § | |
| Respondent. | § § | |

## MEMORANDUM OPINION AND ORDER

Kevin Jacob Smith, proceeding pro se, filed a Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) challenging a state court judgment finding him guilty and sentencing him to prison for sixty years for aggravated assault with a deadly weapon. Pending before the court are Respondent Stephens' Motion for Summary Judgment with Brief in Support (Docket Entry No. 9) and Smith's Objection to Respondent's Motion for Summary Judgment (Docket Entry No. 12). For the reasons explained below, the court will grant Stephens' motion for summary judgment and deny Smith's petition for a writ of habeas corpus.

### I. Procedural and Factual Background

The records reflect that on August 5, 2009, Smith was indicted for aggravated assault with a deadly weapon. See Clerk's Record,

Docket Entry No. 8-1, p. 7. The indictment also alleged that Smith had been previously convicted of a felony for delivery of a controlled substance in 1990. Id. The indictment further alleged that before the commission of the aggravated assault offense, and after the conviction of the controlled substance offense became final, Smith had been convicted of another felony offense for delivery of a controlled substance. Id. Smith entered a plea of not guilty and was tried by a jury, which found him guilty. State v. Smith, No. 1227499 (263rd Dist. Ct., Harris County, Tex., Aug. 25, 2009). (Docket Entry No. 8-4, p. 1) After finding that a deadly weapon was used during the offense and that the enhancements were true, the jury assessed punishment at 60 years in the Texas Department of Criminal Justice. Id.

Smith appealed the trial court's judgment challenging the factual sufficiency of the trial court's judgment. The Court of Appeals for the First District of Texas affirmed the trial court's judgment on June 3, 2010. Smith v. State, No. 01-09-00789-CR, 2010 WL 2220931 (Tex. App. — Houston [1st Dist.], 2010, pet. ref'd). In upholding Smith's conviction and sentence, the First Court of Appeals summarized the facts of the case as follows:

> Jermichael Harris, the complainant, testified that he was a crack cocaine dealer and had been selling crack cocaine in the early morning hours of March 16, 2008. He and Latrell Morgan then went to a friend's house and fell asleep in a car. Later that morning, they awoke and went together to a vacant lot. The complainant then went to a store where he saw appellant, known to him as "Idawild," ride by on a bicycle. When the complainant returned to the lot, he saw Morgan talking with

>appellant. Appellant asked the complainant for a cigarette, and the complainant gave him one. Appellant then became upset, "talking, you know, sounding ... like, crazy talk," pulled out of his front pocket a "black revolver, a .38," and said "[Y]ou already know what it is." The complainant gave appellant his money, and appellant then shot the complainant twice in his left leg. Appellant immediately ran away.
>
>Latrell Morgan testified that he had been talking with appellant, whom he also knew as "Idawild," before the complainant returned from the store. Appellant asked Morgan if the complainant had any money. When the complainant approached, appellant asked him for a cigarette and how much money he had. Appellant then shot the complainant with "like a .38, .32 revolver."
>
>Prior to testifying, Morgan had signed, in the presence of "a couple of friends" and appellant's uncle, who gave him "beer [and] drugs," an affidavit stating that he did not see appellant shoot the complainant. Morgan explained that it was not his idea to write the affidavit; he did not sign it in front of a notary even though a notary's seal was affixed to the affidavit; and he signed it because he was in "fear of [his] life." Morgan, who was incarcerated pending trial for the offense of unauthorized use of a motor vehicle, had also been in the same Harris County Jail cell block as appellant, who told him to "stick to the story."
>
>Morgan admitted that he had a prior felony conviction for the offense of possession of a controlled substance. Around the time of the shooting, he had been using "embalming fluid," which gave him a week-long "high," but during the evening before the shooting, he had only smoked marijuana. He explained that he was not "feeling the effects" of any narcotics at the time of the shooting.

Smith, 2010 WL 2220931, *1.

After the First Court of Appeals affirmed the judgment and sentence, Smith filed a petition for discretionary review (PDR), which the Texas Court of Criminal Appeals denied on December 8, 2010. Smith v. State, PDR No. 772-10 (Tex. Crim. App. 2010).

Smith filed a state application for a writ of habeas corpus contending that he was denied effective assistance of counsel at trial. On May 7, 2014, the Court of Criminal Appeals denied the application without a written order based on the trial court's findings. Ex parte Smith, No. 80,881-02.[1] Smith filed the federal petition before this court on June 3, 2014.[2]

## II.  Standard of Review

A.  **Summary Judgment**

Summary judgment is appropriate if the movant establishes that there is no genuine dispute about any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Disputes about material facts are "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 106 S. Ct. 2505, 2511 (1986). The Supreme Court has interpreted the plain language of Rule 56(c) to mandate the entry of summary judgment "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 106 S. Ct. 2548, 2552 (1986).

---

[1] See Docket Entry No. 8-26, p. 1.

[2] See Application for Writ of Habeas Corpus By a Person in State Custody, Docket Entry No. 1, p. 10; Medley v. Thaler, 660 F.3d 833, 835 (5th Cir. 2011).

A party moving for summary judgment "must 'demonstrate the absence of a genuine issue of material fact,' but need not *negate* the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam) (quoting Celotex, 106 S. Ct. at 2553). If the moving party meets this burden, Rule 56(c) requires the nonmovant to show that specific facts exist over which there is a genuine issue for trial. Id. (citing Celotex, 106 S. Ct. at 2553-54). In reviewing the evidence "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., Inc., 120 S. Ct. 2097, 2110 (2000).

## B. Presumptions Applied in Habeas Cases

28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), provides "[t]he statutory authority of federal courts to issue habeas corpus relief for persons in state custody." Harrington v. Richter, 131 S. Ct. 770, 783 (2011). When considering a summary judgment motion, the court usually resolves any doubts and draws any inferences in favor of the nonmoving party. Reeves, 120 S. Ct. at 2110. However, the amendments to 28 U.S.C. § 2254 contained in the AEDPA change the way in which courts consider summary judgment in habeas cases.

In a habeas proceeding, 28 U.S.C. § 2254(e)(1) mandates that findings of fact made by a state court are "presumed to be

-5-

correct." This statute overrides the ordinary summary judgment rule. Smith v. Cockrell, 311 F.3d 661, 668 (5th Cir. 2002) (overruled on other grounds by Tennard v. Dretke, 124 S. Ct. 2562, 2565 (2004)). Therefore, a court will accept any findings made by the state court as correct unless the habeas petitioner can rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1) ("The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.").

The provisions of § 2254(d) set forth a "highly deferential standard for evaluating state-court rulings." Lindh v. Murphy, 117 S. Ct. 2059, 2066 n.7 (1997). A federal court cannot grant a writ of habeas corpus with respect to any claim that was adjudicated on the merits in state court unless the state court proceeding:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of

materially indistinguishable facts. <u>Williams v. Taylor</u>, 120 S. Ct. 1495, 1519-20 (2000). A decision is an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." <u>Id.</u> at 1523.

In reviewing a state court's determination regarding the merit of a petitioner's habeas claim, a federal court cannot grant relief if "fair-minded jurists could disagree on the correctness of the state court's decision." <u>Richter</u>, 131 S. Ct. at 786 (internal quotation marks omitted).

### III. **Analysis**

Smith contends that his trial counsel was ineffective. In support of his claim Smith alleges:

1. Smith's trial counsel failed to investigate and interview Ralph Duncan, an alibi witness; and

2. Smith's trial counsel failed to investigate and interview Tojuania Sims, Raystene Henderson, and Barry Williams who were available and willing to testify to Smith's good character during the trial's punishment phase.[3]

Stephens argues that the claim is meritless because Smith fails to show that he made his counsel aware of the witnesses.

---

[3] <u>See</u> Petition for Writ of Habeas Corpus By a Person in State Custody, Docket Entry No. 1, p. 6; <u>see also</u> Memorandum of Law in Support of Petition for Writ of Habeas Corpus "Memorandum of Law," Docket Entry No. 2, pp. 5-16.

-7-

A.  **Ineffective Assistance of Counsel - Standard for Review**

To establish that he was denied effective assistance of counsel at trial Smith must prove: (1) deficient performance by counsel and (2) actual prejudice to the defense as a result of the deficient performance. Strickland v. Washington, 104 S. Ct. 2052, 2064 (1984). To satisfy the first prong Smith must prove that the errors were so serious that counsel was not functioning as the "counsel" guaranteed by the Constitution. Id. "[T]here is a strong presumption that the performance [of counsel] falls within the wide range of reasonable professional assistance." Carter v. Johnson, 131 F. 3d 452, 463 (1997).

To satisfy the second prong Smith must prove that "counsel's errors were so serious as to deprive [Smith] of a fair trial, a trial whose result is reliable." Strickland, 104 S. Ct. at 2064. A "mere possibility" that a different result might have occurred is not enough to demonstrate prejudice. Lamb v. Johnson, 179 F.3d 452, 463 (5th Cir. 1997). Application of Strickland's second prong under § 2254(d) requires the court to ask "whether there is any reasonable argument that counsel satisfied Strickland's deferential standard." Richter, 131 S. Ct. at 788. If the court can surmise a reasonable explanation, then Smith's burden is not met. Id.

B.  **Uncalled Witnesses**

Federal habeas review does not favor complaints of uncalled witnesses "because the presentation of witnesses is generally a

matter of trial strategy and speculation about what witnesses would have said on the stand is too uncertain." Woodfox v. Cain, 609 F.3d 774, 808 (5th Cir. 2010). "[T]o prevail on an ineffective assistance claim based on counsel's failure to call a witness, the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense." Day v. Quarterman, 566 F.3d 527, 538 (5th Cir. 2009), citing Bray v. Quarterman, 265 F. App'x 296, 298 (5th Cir. 2008).

In order to assure effective representation at trial, the defendant must inform his counsel of possible witnesses of whom he is aware. Pape v. Thaler, 645 F.3d 281, 289 (5th Cir. 2011), citing Bryant v. Scott, 28 F.3d 1411, 1415 (5th Cir. 1994). Trial lawyers cannot be expected to read their clients' minds. See Childs v. Collins, 995 F.2d 67, 69 (5th Cir. 1993) ("Criminal defense counsel need not be omniscient, and they are not always omnipotent with respect to the protection of a client's rights."); United States v. Fields, 565 F.3d 290, 295 (5th Cir. 2009) ("Clairvoyance is not a required attribute of effective representation.").

Smith raised his claim regarding the uncalled witnesses in his state habeas application. Smith's trial attorney, Jerome Godinich, Jr., made the following response to Smith's claim that he should have called the witnesses:

1. I have reviewed the allegations contained in the writ filed by Mr. Kevin Smith. The allegations concerning witnesses are similar to the allegations made by Mr. Smith in a complaint filed with the State Bar of Texas in 2011. A copy of my response to the State Bar is attached as exhibit A.[4] The grievance was dismissed.

2. Mr. Smith never spoke to me of a Ralph Duncan, Tojuania Sims, Raystene Henderson and Berry [sic] Williams.

3. Mr. Smith was a very difficult client and anticipating a potential writ, I documented my activities in detail. I have reviewed my trial file in order to respond to the allegations in this writ. I maintain files for ten years and I was able to pull Mr. Smith's file.

4. As I stated to the State Bar in 2011, my investigator and I were prepared to follow any leads. On May 9, 2009, several months before trial, my investigator John Castillo and I drove out to the scene of the offense, took pictures, spoke with neighbors and attempted to locate his one witness Mr. Morgan. We were out there from 10:00 a.m. to 3:00 p.m. Mr. Castillo and I interviewed a Mr. Quincey and various neighbors adjacent to the vacant lot where the shooting occurred. Mr. Smith mentioned "Middell", a brother-in-law for the first time the morning of jury selection.

5. I filed Defendant's First Motion for Discovery, Production and Inspection along with a Motion for Disclosure Pursuant to Texas Rules of Evidence 404 and 609. My discovery motion was unnecessary as the state had an open file policy. No suppression motions were filed as there was nothing which could be suppressed. I did not believe it was necessary to file any additional pretrial motions.

6. I do not have any idea whether it would have been necessary or beneficial to call Duncan, Sims, Henderson or Williams since I was never provided those names.

Docket Entry No. 8-25, pp. 29-30.

---

[4]See Docket Entry No. 8-25, pp. 31-33.

-10-

After Godinich submitted his response, the trial court made the following "Findings of Fact":

> . . .
>
> 2.  The Court has read the affidavit of trial counsel Jerome Godinich, and finds it to be reliable and credible.
>
> . . .
>
> 10. The applicant never spoke to Godinich of a Ralph Duncan, Tojuania Sims, Raystene Henderson, and/or Berry [sic] Williams.
>
> 11. Godinich was aware that there was a witness to the incident named Latrell Morgan; however, the applicant never requested that Godinich or Castillo call or interview any other witness than Morgan prior to jury selection.
>
> . . .
>
> 18. Godinich's failure to locate and subpoena Ralph Duncan, Tojuania Sims, Raystene Henderson, or Berry [sic] Williams was due to the fact that the applicant never mentioned any such persons. Godinich would have had no way to subpoena persons of whom he had no knowledge.
>
> 19. Godinich has no idea whether it would have been beneficial or necessary to call Duncan, Sims, Henderson, or Williams since the applicant never provided Godinich with those names.
>
> 20. Ralph Duncan's affidavit fails to show, by a preponderance of the evidence, that Duncan was present at the time of the shooting, or that he could have testified to having personal knowledge about any element of the crime.
>
> 21. The applicant fails to show that Duncan's testimony would have been of some benefit to the defense.
>
> 22. Berry [sic] Williams' affidavit fails to show, by a preponderance of the evidence, that Williams would have been available to testify at trial, or that he could have testified to having personal knowledge about any element of the crime.

> 23. The applicant fails to show what a more in-depth investigation by Godinich would have revealed.
>
> 24. Godinich's investigation was only limited by the fact that the applicant did not offer any witness names for further investigation or interview.
>
> . . .
>
> 28. The applicant fails to demonstrate, by a preponderance of evidence that trial counsel's representation fell below an objective standard of reasonableness and a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Mitchell v. State, 68 S.W.3d 640, 642 (Tex. Crim. App. 2002); Narvaiz v. State, 840 S.W.2d 415, 434 (Tex. Crim. App. 1992), citing Strickland v. Washington, 466 U.S. 668, 688 (1984).
>
> 29. A totality of the circumstances demonstrates that the applicant was afforded counsel sufficient to protect his right to reasonably effective assistance of counsel. See Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

(Docket Entry No. 8-25, pp. 42-44)

Based on these findings the trial court held that Smith had failed to demonstrate that Godinich's performance fell below an objective standard of reasonableness and that but for Godinich's unprofessional errors the outcome of Smith's criminal proceeding would have been different. See Docket Entry No. 8-25, p. 64. The court concluded that Smith had failed to demonstrate that his conviction was invalid or that his confinement was illegal. Id.

Smith has the burden of overcoming the presumption that the factual findings of the state courts are correct by providing clear and convincing evidence that proves that the findings are objectively unreasonable. 28 U.S.C. § 2254(e); Morales v.

Thaler, 714 F.3d 295, 302 (5th Cir. 2013). This is a "substantially higher threshold" than proving that the findings are incorrect. Morales, at 302, citing Blue v. Thaler, 665 F.3d 647, 654-55 (5th Cir. 2011). It is not enough to show that "a federal court would have reached a different conclusion." Id., quoting Wood v. Allen, 130 S. Ct. 841, 849 (2010).

Smith presents no evidence demonstrating that Godinich knew about Duncan, Sims, Henderson, or Williams or that Godinich had any idea about the content of their possible testimony. Further, there is evidence that Godinich and his investigator made a conscientious effort to locate and interview potential witnesses. Consequently, Godinich cannot be found to be ineffective in not interviewing the witnesses that Smith alleges would have been able to help his defense. Pape, 645 F.3d at 289. Smith has failed to provide any evidence that shows that the findings of the Court of Criminal Appeals are unreasonable. The state court's adjudication of Smith's claim of ineffective assistance of counsel was not a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as established by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1). Nor has Smith shown that the state court made an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(2).

Stephens has shown that there is no merit to Smith's claims. Therefore, the court will grant Stephens' motion for summary

judgment and will deny Smith's petition for a writ of habeas corpus.

## IV. Certificate of Appealability

Under 28 U.S.C. § 2253 Smith needs to obtain a certificate of appealability before he can appeal this Memorandum Opinion and Order dismissing his petition. To obtain a certificate of appealability Smith must make a substantial showing of the denial of a constitutional right. Williams v. Puckett, 283 F.3d 272, 276 (5th Cir. 2002). To make such a showing Smith must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. Lucas v. Johnson, 132 F.3d 1069, 1073 (5th Cir. 1998). For the reasons stated in this Memorandum Opinion and Order, Smith has not made a substantial showing of the denial of a constitutional right. Newby v. Johnson, 81 F.3d 567, 569 (5th Cir. 1996). The court will therefore deny a Certificate of Appealability in this action.

## V. Conclusion and Order

For the reasons explained above, the court **ORDERS** the following:

1. Petitioner's Motion for Extension of Time to File a Response to Summary Judgment Motion (Docket Entry No. 11) is **GRANTED**.

2. Petitioner's Motion to Expand the Record Pursuant to Rules Governing Section 2254 Cases, Rule 7(b) (to allow Petitioner to file additional evidence in

       support of his claim for habeas relief) (Docket Entry No. 10) is **DENIED**. See <u>Scott v. Hubert</u>, 635 F.3d 659, 667 (5th Cir. 2011), <u>citing</u> <u>Anderson v. Johnson</u>, 338 F.3d 382, 386 (5th Cir. 2003).

3. Respondent's Motion for Summary Judgment (Docket Entry No. 9) is **GRANTED**.

4. The Petition for a Writ of Habeas Corpus By a Person in State Custody (Docket Entry No. 1) is **DISMISSED WITH PREJUDICE**.

5. A Certificate of Appealability is **DENIED**.

**SIGNED** at Houston, Texas, on this 20th day of February, 2015.

                                                              SIM LAKE
                                      UNITED STATES DISTRICT JUDGE